PHIL MITCHELL *et al.* Appellees, *vs.* THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Appellant.

*Opinion filed October 16, 1914—Rehearing denied Dec. 4, 1914.*

·This case is controlled by the decision in *Mitchell* v. *Chicago, Burlington and Quincy Railway Co.* (*ante*, p. 300.)

FARMER and VICKERS, JJ., dissenting.

APPEAL from the Circuit Court of Rock Island county; the Hon. R. W. OLMSTED, Judge, presiding.

JACKSON, HURST & STAFFORD, (M. L. BELL, of counsel,) for appellant.

J. T. KENWORTHY, and S. R. KENWORTHY, for appellees. ·

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

This is one of two suits in ejectment begun on December 21, 1910, in the circuit court of Rock Island county by Phil Mitchell, William C. Wadsworth and Mary H. Wadsworth, executors of the will of Philemon L. Mitchell, deceased, to recover different portions of First avenue in front of lots 3 and 4 in block 1 in the old (or original) town of Stephenson, now a part of the city of Rock Island, on the ground that they owned the fee subject to the public easement. This suit was against the appellant, the Chicago, Rock Island and Pacific Railway Company, and the other was against the Chicago, Burlington and Quincy Railway Company, and the two were tried by the court without the intervention of a jury and at the same time and upon the same evidence. It appeared on the trial that William C. Wadsworth had died before the suits were begun, and the appellees, Phil Mitchell and Mary H. Wadsworth, became the only plaintiffs. The court found for the plaintiffs in each suit, and in this one entered judgment in their favor

for a strip of land occupied by the railroad tracks of appellant, 26.8/12 feet wide north and south by 200 feet long east and west, in front of lots 3 and 4 and extending to the center of Sixteenth street, which adjoins lot 4 on the west and intersects First avenue. Appeals were taken in both cases and an opinion has been filed in the other case, entitled *Mitchell* v. *Chicago, Burlington and Quincy Railway Co.* (*ante,* p. 300,) in which the facts proved, and the conclusion therefrom, are fully stated.

There is only one question raised in this appeal that was not presented in the other case, which is, that the plaintiffs were not invested by the will with the fee in the premises but merely had a power of sale with no right to the possession under the law, as stated in *West* v. *Fitz,* 109 Ill. 425, and *Emmerson* v. *Merritt,* 249 id. 538. In reply, counsel say that the objection was not presented to the circuit court and that it ought not to be entertained now, because the plaintiffs were the legal heirs of Philemon L. Mitchell as well as the executors of his will, and if they ought to have sued as heirs an amendment might have been made. We cannot find that the point was presented in any manner to the circuit court and it has not been mentioned in the argument of the case tried with this one. Whatever the fact may be, we have determined the issue between the parties on the merits, and inasmuch as the plaintiffs could not succeed in their suit, either as executors or heirs-at-law, we will not decide what estate they took under the will. A perfect defense was made under the Statute of Limitations of twenty years, and the evidence does not support the judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

FARMER and VICKERS, JJ., dissenting.